## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CUSTOM CORRUGATED & SUPPLY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3132** |
| **AXIS SURPLUS INSURANCE COMPANY** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court are plaintiff Custom Corrugated & Supply, LLC's ("**Custom**") motion to continue trial (Rec. Doc. 37), defendant AXIS Surplus Insurance Company's ("**AXIS**") opposition (Rec. Doc. 43), and plaintiff's reply (Rec. Doc. 51). For the following reasons,

**IT IS ORDERED** that plaintiff's motion to continue trial (Rec. Doc. 37) is **DISMISSED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Claiming damages related to Hurricane Ida, plaintiff filed a state court action against its insurer for breach of contract and good faith duty. *See* Rec. Doc. 1-1. Plaintiff alleges it supplied satisfactory proof of property damage amounting to $984,637.55, but defendant has tendered only $105,036.46. Rec. Doc. 1-1 at 2–3 ¶¶ 13–14. Without providing specifics, plaintiff also contends it has "lost substantial business income" due to repair delays. *Id.* at 4 ¶ 27. In addition to policy payments, plaintiff seeks compensatory damages, lost profits, statutory penalties, costs, attorney's fees, and legal interest. *Id.* at 7. In a pre-suit demand letter, plaintiff additionally asserts penalties of $492,318.78 and attorney's fees of $590,782.53—for a total demand in excess of $2 million. *See* Rec. Doc. 1-5.

Defendant timely removed the case pursuant to diversity jurisdiction of 18 U.S.C. § 1332. *See* Rec. Doc. 1 at 3–4. After complying with the requirements of the Eastern District of

Louisiana's Streamlined Settlement Program of the Hurricane Ida Case Management Order, this case remained unresolved and returned to the district court docket. *See* Rec. Doc. 12.

Following the removal, defendant filed several motions, including: a motion for partial summary judgement on loss or damages related to roofs, Rec. Doc. 19, a motion for partial summary judgment regarding business personal property claims and related bad faith under business personal property coverage, Rec. Doc. 21, and a motion in limine to exclude estimate for repairs already completed, Rec. Doc. 22. On August 30, 2024, defendant's motion for partial summary judgment on loss or damages related to the roof was granted. Rec. Doc. 25. It was further ordered that defendant's motion for partial summary judgment on plaintiff's claims for business personal property and related bad faith claims, Rec. Doc. 21, was granted in part, as to the bad-faith claims related to business personal property. Rec. Doc. 25. Finally, on September 3, 2024, defendant's motion in limine to exclude evidence from trial related to estimate for repairs already complete was granted as unopposed and meritorious. Rec. Doc. 26.

Currently, both parties have several motions pending, including plaintiff's motion to continue trial. *See* Rec. Doc. 37. Defendant opposes this continuance, to which the plaintiff replied. *See* Rec. Docs. 43 and 51.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citing *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). Additionally, the Fifth Circuit Court of

Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). Considering these factors, the Court should find that plaintiff has not demonstrated good cause to modify the Scheduling Order at this time.

This case originally was removed to this Court on August 4, 2023. *See* Rec. Doc. 1. The Rule 16 Scheduling Order was issued on May 21, 2024. *See* Rec. Doc. 13. Within said Scheduling Order, both parties were ordered to file "all case-dispositive pre-trial motions, along with motions in limine regarding the admissibility of expert testimony" no later than December 18, 2024. Rec. Doc. 14 at 1. All other motions in limine were ordered to be filed no later than January 6, 2025. *Id.* The plaintiff's instant motion states the following rationale for the requested continuance: untimely discovery, outstanding depositions, the pending rulings, and the possibility of appeal.

Custom asserts that it has received a previously undisclosed AXIS file or notes on November 5, 2024. Rec. Doc. 37-2 at 1. Reportedly, the referenced material is a reduced version but not substantively different from the NARS claims file previously disclosed in December of 2023. *See* Rec. Doc. 43-2. Specifically, AXIS states that the only difference is that AXIS has separate claims file notes from NARS. *Id.* (citing Rec. Doc. 43-3). The AXIS notes include nine (9) claim entries, compared to the one hundred sixty-six (166) entries in the NARS file for the same time frame. *Id.* Regardless, AXIS argues that its notes were provided within one week of the AXIS deposition and substantively contain the same information found in the NARS claim notes. Rec. Doc. 43 at 5.

Plaintiff has not shown that the arguably delayed discovery, is an adequate reason for a continuance. Further, plaintiff's claims for ongoing depositions of the AXIS witness is moot. On December 10, 2024, Magistrate Judge Van Meerveld denied plaintiff's request to reopen the deposition, as reopening it "would be duplicative and wasteful." Rec. Doc. 63 at 1. In fact, Magistrate Judge Van Meerveld's Order stated that Custom failed to show why granting leave to conduct a second deposition was warranted. Rec. Doc. 63 at 2.

Regarding plaintiff's cause for continuance relate to pending motions before this Court and the possibility of subsequent appeals, this argument also fails. Seven months ago, both parties were provided the Scheduling Order deadlines. The Court issued these dates with the knowledge that the trial was set for February 3, 2025. None of defendant's currently pending motions have been filed untimely. Moreover, this Court has ordered oral arguments for **December 18, 2024, at 9:00 a.m.**, providing both parties the opportunity to present their positions on outstanding motions.

While the plaintiff asserts that the current deadlines and trial dates are unrealistic, it has failed to provide good cause for why the current schedule does not provide realistic deadlines. Plaintiff's assertion that it will be taking appeals on all decisions has no significance here, especially since under the Federal Rules of Procedure interlocutory appeals without certification are rarely allowed. Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b); *See Clark-Dietz & Assocs.-Engineers, Inc.*, 702 F.2d at 68 (5th Cir. 1983) (quoting *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988)); *see also Mohawk Indus., Inc.*, 558 U.S. 100, 106 (2009). Furthermore, the plaintiff fails to show that the deadlines cannot reasonably be met through diligent work. The Court reminds both parties of Federal Rule of Civil Procedure 1 which

requires all parties to "construe[], administer[], and employ[]" the federal rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

New Orleans, Louisiana, this 16th day of December, 2024

_____

SENIOR UNITED STATES DISTRICT JUDGE