**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF LOUISIANA**

**CUSTOM CORRUGATED**                    **CASE NO. 2:23-3132**
**& SUPPLY, L.L.C.**


**VERSUS**                                                **JUDGE LEMELLE**


**AXIS SURPLUS INSURANCE COMPANY**        **MAGISTRATE VAN MEERVELD**

---

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

MAY IT PLEASE THE COURT:

With the filing of this Motion for Partial Summary Judgment, Plaintiff—Custom Corrugated—is asking this Court to rule, as a matter of law, on certain factual issues, specifically that AXIS had an obligation to pay an amount to Custom Corrugated as of the date it received the "Immediate Advice" report from its hired adjuster.  Whether an insurer acts in bad faith in refusing to settle a case requires a finding of arbitrary and capricious actions, which is inherently a factual question reserved to the factfinder.  In this case, the factfinder is the jury.  However, the undisputed facts are sufficient for this Court to make factual rulings that will remove factual disputes from contention and greatly simplify the trial of this matter.

Specifically, Custom Corrugated requests this Court rule, as a matter of law, the following: Custom Corrugated notified AXIS of its claim on September 3, 2021; AXIS received the "Immediate Advice" report—dated September 13, 2021—no later than September 17, 2021; AXIS had an obligation to make a payment once it had the "Immediate Advice" report; and, AXIS did not pay any amount until—at the earliest—December 6, 2021.

## I.    BACKGROUND

Custom Corrugated & Supply, L.L.C., is a metal fabricator that manufactures metal panels and trim for use in the construction industry.  Its shop/warehouse was damaged by Hurricane Ida.  At the time of Hurricane Ida, Custom Corrugated was insured by Defendant, AXIS Surplus Insurance Company, Inc.  The instant motion focuses on AXIS's failure to pay the amount of Custom Corrugated's claim within thirty days and sixty days after receipt of satisfactory written proof.[1]

The evidence shows that by September 3, 2021, AXIS knew—through its agent, NARS—of Custom Corrugated's claim.[2]  AXIS—through NARS—hired Engle Martin to conduct the inspection on its behalf. Ryan Lynch with Engle Martin inspected the property on September 6, 2021.[3]  By September 15, 2021, NARS had the Engle Martin "Immediate Advice" report.[4]  NARS then sent that report to AXIS on September 17, 2021.[5]

AXIS had enough information in its possession—once it had the Engle Martin September 13, 2021 "Immediate Advice" report—to know the following:  Custom Corrugated's property was heavily damaged; multiple roll-up doors had blown off; insulation was missing; and, water damage had occurred.[6]  Despite AXIS's knowledge of the foregoing information, AXIS did not

---

[1] La.R.S. 22:1892(B)(1)(a) (2021 version); La.R.S. 22:1973(B)(5) (2021 version).
[2] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 15-20; (Rec. Doc. 34-4), Claim Notes, Page 1.
[3] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 21-25, Page 21, Lines 1-19; (Rec. Doc. 34-4) Claim Notes, Page 7; (Rec. Doc. 34-5) Engle Martin September 13, 2021 report.
[4] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 21, Lines 23-25, Page 22, Lines 1-4; (Rec. Doc. 34-4) Claim Notes, Page 7.
[5] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 21, Lines 9-25, Page 22, Lines 1-25; (Rec. Doc. 34-4) Claim Notes, Pages 9-11.
[6] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 21-25, Page 21, Lines 1-25, Page 22, Lines 1-25, Page 23, Lines 1-25, Page 27, Lines 9-25, Page 28, Lines 1-22, Page 40, Lines 8-25, Page 41, Lines 1-2, Page 113, Lines 21-25, Page 114, Lines 1-2; (Rec. Doc. 34-5) Engle Martin September 13, 2021 report; (Rec. Doc. 34-4) NARS Claim Notes, Page 7.

pay anything to Custom Corrugated until—at the earliest—December 6, 2021, when it paid $44,465.20.[7]

And although this Court cannot rule on whether AXIS's failure to timely pay was arbitrary and capricious, this Court can make factual rulings with respect to whether Custom Corrugated submitted satisfactory proof of loss and whether AXIS failed to timely pay Custom Corrugated.

## II.    LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[8]  Initially, the movant must present the basis for the motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.[9]  The burden then shifts to the nonmovant to identify specific facts demonstrating a genuine issue for trial.[10]  All facts and inferences must be construed in the light most favorable to the nonmoving party.[11]  In resolving the motion, the court may not evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes.[12]

---

[7] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 37, Lines 10-13, 24-25, Page 38, Lines 1-7; (Rec. Doc. 34-6) Record of Payments produced by Defendant.
[8] Fed. R. Civ. P. 56(a).
[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[10] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986).
[11] *Wantou v. Wal-Mart Stores Texas, L.L.C*., 23 F.4th 422, 430 (5th Cir. 2022).
[12] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505 (1986).

### III. AXIS had an obligation to pay an amount to Custom Corrugated once it had the "Immediate Advice" report.

An insurer must timely make a payment once it has a "satisfactory proof of loss" from the claimant.[13] A satisfactory proof of loss exists when the insurer "has adequate knowledge of the loss."[14] In Louisiana, the requirements for proofs of loss are "'flexible, focusing on notice'".[15] "'So long as the insurer obtains sufficient information to act on the claim, the manner in which it obtains the information is immaterial.'"[16]

AXIS had the "Immediate Advice" report no later than September 17, 2021. This trigged its obligation to make a payment, as held by the Fifth Circuit in *First Baptist Church of Iowa, Louisiana v. Church Mutual Ins. Co.*[17] In *First Baptist*, on September 8, 2020, the insurer received an "Immediate Advice" report from Engle Martin—as did AXIS in this case.[18] The insurer then did not make its first payment to the insured until October 12, 2020, after it received an updated, more detailed report.[19] As is likely in this case, the insurer argued that it had no obligation to make any payment until it received the more detailed report from Engle Martin.[20] However, Judge Cain rejected that argument. Judge Cain ruled that the insurer was in bad faith, as set forth in La.R.S. 22:1892—which governs failure to make payment within thirty days, as opposed to sixty days under La.R.S. 22:1973(B)(5)—with respect to arbitrary and capricious behavior. Judge Cain

---

[13] *See* La.R.S. 22:1973(B)(5) (2021 version).
[14] *Cotton Bros. Baking Co. v. Indus. Risk Insurers*, 941 F.2d 380, 386 (5th Cir. 1991).
[15] *First Baptist Church of Iowa, Louisiana v. Church Mutual Ins. Co.*, 105 F.4th 775, 794 (5th Cir. June 26, 2024) (quoting *Cotton v. Certain Underwriters at Lloyd's London*, 831 F.3d 592, 596 (5th Cir. 2016)).
[16] *First Baptist Church of Iowa,* Louisiana, 105 F.4th at 794 (quoting *Anco Insulations v. Nat'l Union Fire Ins. Co.*, 787 F.3d 276, 286 (5th Cir. 2015)).
[17] *First Baptist*, 105 F.4th 775.
[18] *Id.*
[19] *Id.*
[20] *Id.*

assessed penalties based upon the payment being more than thirty days after the "Immediate Advice" report was received.[21]

On appeal in *First Baptist*, the insurer again argued that the "Immediate Advice" report was not sufficient to qualify as a satisfactory proof of loss.[22] The Fifth Circuit, however, also disagreed, holding that the insurer "was, at the very least, aware that FB Church was owed *some* undisputed amount on its claim as of September 8, 2020, but it did not issue payment until October 12, 2020, outside the strict thirty-day deadline."[23] The Fifth Circuit upheld the District Court's ruling on that basis.[24]

In this case, Custom Corrugated notified AXIS of its claim on September 3, 2021.[25] The additional relevant facts show that AXIS had enough information in its possession once it had the Engle Martin "Immediate Advice" report—dated September 13, 2021—to know the following: Custom Corrugated's property was heavily damaged; multiple roll-up doors had blown off; insulation was missing; and, water damage had occurred.[26]

Indeed, in the September 13, 2021 "Immediate Advice" report, Engle Martin told Axis that the damages to the property alone, after taking into account the deductible, were $129,996 (i.e., net estimate loss of building one in the amount of $90,820 and net estimate loss for building two

[21] *Id*.
[22] *First Baptist*, 105 F.4th 775.
[23] *Id*. at 796 (emphasis in original).
[24] *Id*.
[25] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 15-20; (Rec. Doc. 34-4), NARS Claim Notes, Page 1.
[26] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 21-25, Page 21, Lines 1-25, Page 22, Lines 1-25, Page 23, Lines 1-25, Page 27, Lines 9-25, Page 28, Lines 1-22, Page 40, Lines 8-25, Page 41, Lines 1-2, Page 113, Lines 21-25, Page 114, Lines 1-2; (Rec. Doc. 34-4) Claim Notes, Page 7; (Rec. Doc. 34-5) Engle Martin September 13, 2021 "Immediate Advice" report.

in the amount of $36,176).[27]  Engle Martin also suggested that AXIS issue a $10,000 advance.[28]

As set forth by the Fifth Circuit in *First Baptist*, AXIS had the obligation to make a payment once

it had the Engle Martin "Immediate Advice" report.  Instead, AXIS did nothing until it supposedly

mailed a check in the amount of $44,465.20 on December 6, 2021.

## IV.    CONCLUSION

The undisputed facts show that Custom Corrugated notified AXIS of its claim on

September 3, 2021.[29]  The undisputed facts further show that as of September 17, 2021, at the

latest, AXIS had enough information in its possession—once it had the Engle Martin September

13, 2021 "Immediate Advice" report—to know the following:  Custom Corrugated's property was

heavily damaged; multiple roll-up doors had blown off; insulation was missing; and, water damage

had occurred.[30]

Thus, Custom Corrugated is asking this Court to rule, as a matter of law, on the following

factual issues:  Custom Corrugated notified AXIS of its claim on September 3, 2021; AXIS

received satisfactory proof of loss around September 13-17, 2021; and, AXIS did not pay the claim

until—at the earliest—December 6, 2021.

---

[27] (Rec. Doc. 34-5) Engle Martin September 13, 2021 report; (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 27, lines 2-25, Page 28, Lines 1-24; (Rec. Doc. 34-4) NARS Claim Notes.
[28] (Rec. Doc. 34-5) Engle Martin September 13, 2021 report; (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 28, Lines 17-22.
[29] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 15-20; (Rec. Doc. 34-4), NARS Claim Notes, Page 1.
[30] (Rec. Doc. 34-3) AXIS 30(b)(6) Deposition, Page 20, Lines 21-25, Page 21, Lines 1-25, Page 22, Lines 1-25, Page 23, Lines 1-25, Page 27, Lines 9-25, Page 28, Lines 1-22, Page 40, Lines 8-25, Page 41, Lines 1-2, Page 113, Lines 21-25, Page 114, Lines 1-2; (Rec. Doc. 34-4) Claim Notes, Page 7; (Rec. Doc. 34-5) Engle Martin September 13, 2021 report.

Respectfully submitted,

**LABORDE EARLES LAW FIRM, LLC**

*/s/Mary K. Cryar*
**MARY K. CRYAR, Bar #24062**
**DERRICK G. EARLES #29570**
**DAVID C. LABORDE #20907**
1901 Kaliste Saloom Road
(70508) Post Office Box 80098
Lafayette, Louisiana 70598-0098
Office: 337-261-2617
Facsimile: 337-261-1934
***Attorneys for Custom Corrugated and***
***Supply LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon

all known counsel of record by electronic mail, facsimile transmission and/or United States mail,

properly addressed and postage prepaid, this 17th day of December, 2024.


*/s/Mary K. Cryar*
**MARY K. CRYAR**