UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CUSTOM CORRUGATED &                                    CIVIL ACTION
SUPPLY, LLC

VERSUS                                                 NO. 23-3132

AXIS SURPLUS INSURANCE                                 SECTION "B"(1)
COMPANY

ORDER AND REASONS

Before the Court is defendant Axis Surplus Insurance Company's ("**AXIS**") motion for partial summary judgment on bad faith damages related to tenders made for the roof or related to the roof (Rec. Doc. 48), plaintiff Custom Corrugated & Supply, LLC's ("**Custom**") opposition (Rec. Doc.65), and defendant's reply (Rec. Doc. 72). Considering also oral argument presented during hearing on the foregoing matters, the following order and reasons are issued.

**IT IS ORDERED** that defendant's motion for partial summary judgment on bad faith damages related to tenders made for the roof or related to the roof (Rec. Doc. 48) is **GRANTED**, as to the plaintiff's bad faith claims related to tenders made for the roof or related to the roof, and as to the $59,202.22 AXIS paid plaintiff.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Claiming damages related to Hurricane Ida, plaintiff filed a state court action against its insurer for breach of contract and good faith duty. *See* Rec. Doc. 1-1. Plaintiff alleges it supplied satisfactory proof of property damage amounting to $984,637.55, but defendant has tendered only $105,036.46. Rec. Doc. 1-1 at 2–3 ¶¶ 13–14. Without providing specifics, plaintiff also contends it has "lost substantial business income" due to repair delays. *Id.* at 4 ¶ 27. In addition to policy payments, plaintiff seeks compensatory damages, lost profits, statutory penalties, costs, attorney's fees, and legal interest. *Id.* at 7. In a pre-suit demand letter, plaintiff additionally asserts penalties

1

of $492,318.78 and attorney's fees of $590,782.53—for a total demand in excess of $2 million. *See* Rec. Doc. 1-5.

Defendant timely removed the case pursuant to diversity jurisdiction of 18 U.S.C. § 1332. *See* Rec. Doc. 1 at 3–4. After complying with the requirements of the Eastern District of Louisiana's Streamlined Settlement Program of the Hurricane Ida Case Management Order, this case remained unresolved and returned to the district court docket. *See* Rec. Doc. 12.

Following the removal, defendant filed several motions, including: a motion for partial summary judgement on loss or damages related to roofs, Rec. Doc. 19, a motion for partial summary judgment regarding business personal property claims and related bad faith under business personal property coverage, Rec. Doc. 21, and a motion in limine to exclude estimate for repairs already completed, Rec. Doc. 22. On August 30, 2024, defendant's motion for partial summary judgment on loss or damages related to the roof was granted. Rec. Doc. 25. It was further ordered that defendant's motion for partial summary judgment on plaintiff's claims for business personal property and related bad faith claims, Rec. Doc. 21, was granted in part, as to the bad-faith claims related to business personal property. Rec. Doc. 25. Finally, on September 3, 2024, defendant's motion in limine to exclude evidence from trial related to estimate for repairs already complete was granted as unopposed and meritorious. Rec. Doc. 26.

Defendant now moves for partial summary judgment on plaintiff's claims bad faith damages related to tenders made for the roof or related to the roof. *See* Rec. Doc. 48. Plaintiff opposes to which the defendant replied. *See* Rec. Docs. 65 and 72.

## LAW AND ANALYSIS

### A. Motion for Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). Material in support or opposition of a motion for summary judgment may be considered if it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no

reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

### B.  Louisiana Insurance Claims

This insurance dispute was removed to federal court based on diversity jurisdiction of 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 3–4. "A federal court sitting in diversity applies the substantive law of the forum state, in this case Louisiana." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). Under Louisiana law, in a dispute over the interpretation of an insurance policy issued in the state, Louisiana substantive law controls. *See Lamar Advert. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 659 (5th Cir. 2005).

To determine Louisiana law, courts look to decisions by the Louisiana Supreme Court. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Absent guidance, they must determine "how [the Louisiana Supreme Court] would resolve the issue if presented with the same case." *Id.* To do so, courts "must employ Louisiana's civilian methodology, whereby [they] first examine primary sources of law: the constitution, codes, and statutes." *Id.* Additionally, courts must also consider that in Louisiana's civilian system jurisprudence and existing caselaw are considered a secondary law source, thus not strictly binding on this Court.

### A.  Roofing Coverage Waiver

This Court previously granted defendant's motion for partial summary judgment on loss or damages related to the roof. Rec. Docs. 19, 25. In that ruling, it was acknowledged that the defendant provided some form of roof coverage to plaintiff, despite the language of the "Total Roofing Exclusion Endorsement." *See* Rec. Doc. 25. However, faced with plaintiff's silence on the issue, we could not determine prejudice thereby suffered. If anything, plaintiff received a

benefit from defendant's roof-related tender, obtaining some payment it would not otherwise. Therefore, because the plaintiff has no allegation of actual harm done, and despite defendant's inconsistent actions, we did not find AXIS waived its contractual right to the roofing-related exclusion. The damage payments previously tendered are not subject to repayment or offset, but broader roof coverage is not established by a waiver. The language of the "Total Roofing Exclusion Endorsement" is clear: damage to the roof or caused by the roof is excluded by the policy. Rec. Doc. 4-1 at 26-27, 62-63. Viewing the evidence in the light most favorable to plaintiff, no genuine issue of material fact exists as to the policy exclusion, which is why the Court granted defendant a judgment on the issue as a matter of law.

"Louisiana courts have declined to find bad faith where doubt existed as to whether the plaintiff was covered." *Lacoste Aviation, LLC v. Starstone Nat. Ins. Co.*, 719 F. Supp. 3d 502, 512 (E.D. La. Feb. 28, 2024). "One court held that the insurer did not act arbitrarily and capriciously because it 'presented good faith, reasonable arguments' and because '[n]o party ha[d] pointed out any legal authority which show[ed] Lloyd's coverage defense to have been frivolous.'" *Id.* (quoting *Howell v. Am. Cas. Co. of Reading, Pennsylvania*, 691 So. 2d 715, 727 (La. App. 4 Cir. 3/19/97)). "Others have denied such penalties where activity was 'noncompliant, but far from vexatious' and where the 'initial decision to deny the claim [was] wrong, but ... was not arbitrary, capricious, or without probable cause.'" *Id.* at 512-13 (citing *Bosley v. Oliphint Enterprises, LLC*, 244 So. 3d 692, 700 (La. App. 2 Cir. 9/27/27). Here, it has been established that AXIS did not waive its exclusion of the roof coverage. Therefore, per Custom's policy, the "roof" which is defined to mean "shingles, tiles, cladding, shakes, flashing, sheeting, sheathing, decking, insulation, joists, trusses, and membranes" is excluded from coverage. Viewing the evidence in the light most

favorable to plaintiff, no genuine issue of material fact exists regarding whether the plaintiff may recover bad faith claims regarding the roof, Custom is not able to do so as a matter of law.

Nonetheless, AXIS paid plaintiff $59,202.22 for the roof or damages caused by the condition of the roof. *See* Rec. Doc. 48-1 at 2. Plaintiff contends that defendant has not proved "how much of the damage was caused by a non-covered cause." (i.e., amounts paid related to the roof). Rec. Doc. 65 at 2. Furthermore, plaintiff argues that defendant cannot establish that the roof exclusion applies to the cost of the replacing the insulation. *Id.*

A contract constitutes the law between the parties. LA. CIV. CODE ANN. art. 1983 (2024). When the terms of the contract are clear and explicit, and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the contract must be enforced as written without resorting to extrinsic evidence. LA. CIV. CODE ANN. art. 2046 (2024). When a contract can be construed from the four corners of the instrument, interpretation of the contract presents a question of law that can be decided on summary judgment. *Id.* Regarding the insulation, the Court disagrees with plaintiff's assertions. Custom's AXIS policy specifically defines roof to mean insulation. *See* Rec. Doc. 4-1 at 62. Custom agreed to this definition when it entered into the contract. Therefore, Custom's claims regarding insulation is subsumed in the roof exclusion which the defendant's have not waived.

Without admissible proof, plaintiff's conclusory stancce does not rebut defendant's evidence relative to restoration costs associated with the roof. AXIS has submitted J.S. Held's inspection and report to discuss this exact issue. *See* Rec. Doc. 48-2 at 63. While J.S. Held reported that "the exact restoration costs associated with the roof [were] difficult to determine," it provided unrebutted foundational support for a "roof allocation deduction percentage." *Id.* The difficulty in assessing cost and deduction at issue does not amount to ambiguous or unreasonable calculations.

Plaintiff has not shown the existence of a genuine issue of material fact regarding those calculations. Therefore, summary judgment may issue regarding amount for the "roof repair difference."

New Orleans, Louisiana, this 19th day of December, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE